## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

DAVID WILLARD,

       Plaintiff,

v.                                    Civil Action No.

PILOT TRAVEL CENTERS LLC
D/B/A PILOT FLYING J,

       Defendants.                Jury Trial Demand

_____

## COMPLAINT FOR DAMAGES

For his Complaint against Pilot Travel Centers LLC d/b/a Pilot Flying J,

Plaintiff David Willard states and alleges upon information and belief as follows:

## INTRODUCTION

1.

This case is about Defendant's theft of Plaintiff's wages.

2.

Plaintiff was paid on an hourly basis, but Defendant's agents and employees

encouraged and required Plaintiff to perform off the clock work, and did not

compensate him for the off the clock work at either straight time or the overtime to

which he was entitled.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

4.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question, 29 U.S.C. § 216(b).

5.

Venue in the Southern District of Georgia is proper pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in the Southern District of Georgia and a substantial part of the events at issue in this lawsuit took place in the Southern District of Georgia, Brunswick Division.

## PARTIES

6.

Plaintiff David Willard is an individual residing in Kingsland, Georgia.

7.

Plaintiff Willard was employed by Defendant for at least the past 3 years until the present.

8.

Plaintiff performed non-exempt labor for the Defendant within much of the last three years, including off the clock work for which he has not been compensated.

9.

Defendant was responsible for the day-to-day operations of the Facility, directed the work of Plaintiff, and was an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*. At all relevant times, including the three years before the filing of this Complaint, upon information and belief, Defendant had employed employees, including Plaintiff, who engaged in commerce or in the production of goods for commerce. At all times relevant, including in the three years prior to the filing of this Complaint, Defendant, or any relevant enterprise of which it was a part, had an annual gross volume of sales made or business done in excess of $500,000.00.

10.

Defendant, is, upon information and belief a Delaware corporation, which routinely transacts business in Georgia. At all times relevant herein, Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11.

From his hiring until present, Defendant employed Plaintiff, and paid him on an hourly basis. As such, Defendant knew he should be paid the overtime differential.

12.

Plaintiff has worked numerous hours, sometimes as many as 70 hours a week, and he has not been credited for many of the hours he worked.

13.

Defendant suffered or permitted all of Plaintiff's work to be done.

14.

Had the hours been credited properly, Plaintiff would have been entitled to time and one-half for some of the hours.

15.

While an employee of Defendant, Plaintiff often worked an amount of time that was more than forty (40) hours per workweek, and was not paid the overtime wage differential. Defendant generally knew and encouraged this.

16.

Upon information and belief, Defendant is governed by and subject to the FLSA.

4

17.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff the overtime wage differential at the required rate under the Fair Labor Standards Act.

18.

The recklessness of Defendant is demonstrated by, among other things, the Defendant's request that Plaintiff work off the clock and without compensation, especially in light of FLSA lawsuits Defendant has faced and Defendant's knowledge that such requests would be impermissible.

## CAUSE OF ACTION

## OVERTIME FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, ET. SEQ.

19.

The above paragraphs are incorporated by reference as if fully set forth herein.

20.

This claim arises from Defendant' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for failure to pay overtime compensation to Plaintiff to which he was entitled.

21.

The overtime provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant and protect Plaintiff.

22.

Pursuant to the FLSA, 29 U.S.C. § 207, Plaintiff was entitled to be compensated at one-and-a-half times his regular rate of compensation for all hours worked over forty hours in any given workweek.

23.

Defendant, pursuant to its policies and practices, refused and failed to pay overtime wage differential to Plaintiff.

24.

Defendant was generally were aware that Plaintiff was working overtime hours because, among other reasons, its employees and agents requested same, and saw same.

25.

Defendants did not pay one-and-a-half times Plaintiff's regular rate for hours worked in excess of forty hours per week because Defendant did not compensate Plaintiff for the time.

6

26.

The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 201, *et seq.*. Defendant's violations of the overtime pay requirements of the FLSA were systematic, voluntary, and in reckless disregard of the FLSA.

27.

Plaintiff seeks damages in the amount of his respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

28.

Plaintiff seeks recovery of attorney's fees and costs to be paid by Defendant as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages, including overtime pay;

b. Judgment against Defendant that its violations of the FLSA were willful;

c. An equal amount to the unpaid wage damages as liquidated damages;

d. An award of prejudgment interest;

e. All costs and attorneys' fees incurred in prosecuting these claims; and,

f. Grant Plaintiff a trial by jury as to all triable issues of fact.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff

demands a trial by jury.


RESPECTFULLY SUBMITTED, the 17th day of February, 2014.



*/s/ S. Wesley Woolf*
S. WESLEY WOOLF
Georgia Bar No. 776175
*Attorney for Plaintiff*

S. WESLEY WOOLF, P.C.
408 East Bay Street
Savannah, Georgia  31401
T:  (912) 201-3696
F:  (912) 236-1884
woolf@woolflawfirm.net