# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| DAVID WILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 2:14-cv-00023 |
| | ) | |
| PILOT TRAVEL CENTERS LLC | ) | |
| D/B/A PILOT FLYING J, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SETTLEMENT AND JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff David Willard and Defendant Pilot Travel Centers LLC d/b/a Pilot Flying J (collectively "the Parties"), jointly notify the Court that the Parties have resolved this action and all claims raised herein and hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a).

The Parties also jointly move the Court for entry of an Order approving the Parties' settlement and dismissal of the claims raised in this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA" or the "Act"). To facilitate the Court's review of the Parties' settlement agreement and to preserve its confidentiality, the Parties respectfully request the Court's permission to submit the settlement agreement for *in camera* inspection, or, in the alternative, permission to file the settlement agreement under seal.

1

## I.     BACKGROUND

On February 17, 2014, Plaintiff filed suit against Defendant alleging unpaid overtime wages pursuant to the FLSA.  On June 27, 2014, Defendant filed a Motion to Dismiss or For a More Definite Statement.  In response, Plaintiff filed an Amended Complaint on July 18, 2014, adding a claim of retaliation and a claim of wrongful termination.  Defendant filed its Answer to the Amended Complaint on August 4, 2014. Thereafter, the Parties exchanged discovery and engaged in settlement negotiations.  The Parties have reached a settlement of all claims and now seek the Court's approval, as set forth below.

## II.    LEGAL PRINCIPLES

### A.     Defendant Maintains that No Court Approval is Required.

Defendant maintains that no Court approval is required for settlement of this matter.  Numerous courts, both those in the Eleventh Circuit, and elsewhere, have limited the holding of *Lynn's Food* to its facts and held that court approval is unnecessary where both parties are represented by counsel.  *See Fernandez v. A–1 Duran Roofing, Inc.*, 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) (approval unnecessary where "both Parties were represented by counsel and therefore negotiated a settlement ... in an adversarial proceeding"); *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368 (E.D. N.Y. Feb. 22, 2013) (plaintiff's acceptance of offer of judgment for FLSA claims and dismissal pursuant to Fed. R.

Civ. P. 41(a) did not require judicial approval); *Smith v. Tri–City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428, at *3 (D. Ariz. Aug. 23, 2012) ("It is no longer clear that a settlement of FLSA claims must be approved by the court to be binding . . . ."); *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (*Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of an FLSA lawsuit where a plaintiff-employee is represented by counsel).

Regardless, in an abundance of caution and without waiver of its argument, in order to ensure that the resolution of Plaintiff's claims is fully legal and binding, Defendant joins in this motion for approval if the Court believes such approval is required.

**B.**    **Assuming Court Approval is Needed, Approval Is Warranted In The Instant Action.**

There are two ways in which claims under the FLSA can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed

settlement and the district court enters a stipulated judgment approving the fairness of the settlement.  *Id*.; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).   In detailing the circumstances justifying court approval of an FLSA settlement, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant.  The proposed settlement arises out of an action brought by David Willard against his employer, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

4

The Parties' settlement of these claims is the result of a bona fide compromise between them on a variety of disputes of law and fact. The Parties stipulate that they are resolving the matter in order to avoid the cost and time of further litigation, as well as the risks associated with continued litigation. The Parties each conducted a significant investigation and undertook detailed legal and factual analyses of the claims and defenses. The complexity of the legal and factual issues in this case would have caused large and undue expenses for both Parties as preparing this case for trial or dispositive motions would have required numerous declarations, depositions, evidence collection, and other time-consuming tasks.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties, through their attorneys, voluntarily agreed to the terms of settlement during negotiations. All Parties were represented by their respective attorneys throughout the litigation and settlement process. Counsel for both Parties agree that, in their respective opinions, the settlement was fair and reasonable under the circumstances. The Parties attest to the fairness and reasonableness of their settlement and request that the Court approve the settlement and dismiss the action with prejudice.

Paragraphs 2(a) through 2(c) of the confidential settlement agreement executed in January 2015 set forth the specific monetary consideration provided to

Plaintiff to resolve his claims.  The Parties agree and hereby stipulate that Plaintiff has received any and all wages owed to him by Defendant.

The Parties intend this settlement to represent a final resolution of all claims actually raised in this action or that could have been raised by Plaintiff, and it is the Parties' intention to permanently terminate Plaintiff's claims in this action.  The Parties have further agreed that, other than the payments in the settlement agreement, each party is responsible for their own attorneys' fees and costs associated with this action.

As a material element of their settlement, the Parties have agreed to certain confidentiality and non-disclosure provisions.  Such provisions have facilitated a prompt and reasonable resolution of this dispute.  However, filing the Parties' settlement agreement on the public record would violate the Parties' respective confidentiality obligations.  For this reason, the Parties respectfully request that the Court permit the Parties to submit the settlement agreement to the Court for *in camera* inspection or, alternatively, to file the settlement agreement under seal.

## III.   CONCLUSION

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties and dismiss the instant action with prejudice. The Parties respectfully request permission to submit their settlement agreement for inspection *in camera*.  Alternatively, the Parties respectfully request permission to

file the settlement agreement under seal so as to preserve the confidentiality of the

agreement.   For the Court's convenience, a proposed Order is attached hereto as

Exhibit A.

Respectfully submitted this 26th day of February 2015.


SOUTHWORTH, PC                              OGLETREE, DEAKINS, NASH,
                                               SMOAK & STEWART, P.C.


**/s/ Terina M. Williams**[*]                   **/s/ Michael Oliver Eckard**
Terina M. Williams (GA Bar # 375286)        Michael Eckard (GA Bar # 238550)
1100 Peachtree Street, NE                    One Ninety One Peachtree Tower
Suite 200                                    191 Peachtree Street, NE, Suite 4800
Atlanta, GA 30309                            Atlanta, GA 30303
Phone: (404) 585-8095                        Phone: (404) 881-1300
Fax: (404) 393-4129                          Fax: (404) 870-1732
terina@southworthpc.com                      michael.eckard@ogletreedeakins.com

                                             *Attorney for Pilot Travel Centers LLC*

S. Wesley Woolf, Esq. (GA Bar #776175)
S. Wesley Woolf, P.C.
408 East Bay Street
Savannah, GA 31401
Phone: (912) 201-3696
Fax: (912) 236-1884
woolf@woolflawfirm.net

*Attorneys for Mr. David Willard*

**\* SIGNED WITH EXPRESS PERMISSION**

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| DAVID WILLARD, | ) |
| | ) |
|       Plaintiff, | ) |
| v. | )   Civil Action No.: 2:14-cv-00023 |
| | ) |
| PILOT TRAVEL CENTERS LLC | ) |
| D/B/A PILOT FLYING J, | ) |
| | ) |
|       Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **NOTICE OF SETTLEMENT AND JOINT MOTION FOR APPROVAL OF SETTLEMENT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record:

Terina M. Williams, Esq.      S. Wesley Woolf, Esq.
Southworth, P.C.             S. Wesley Woolf, P.C.
1100 Peachtree Street NE     408 East Bay Street
Suite 200                   Savannah, GA 31401
Atlanta, GA 30309          woolf@woolflawfirm.net
terina@southworthpc.com

This 26th day of February 2015.

/s/ Michael Oliver Eckard
Counsel for Defendant